**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GRADY I. STEWART,**
**SHERYL R. STEWART,**
        **Plaintiffs,**

**-vs-**                      **Case No. 6:06-cv-1719-Orl-28DAB**

**WINNEBAGO INDUSTRIES, INC.,**
        **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION TO STRIKE 4/11/08 AFFIDAVIT OF PLAINTIFF GRADY STEWART WHICH PURPORTS TO INJECT, IN BAD FAITH, A NEW, NON-DISCLOSED "DIMINISHED VALUE" DAMAGE OPINION, AND REQUEST FOR SANCTIONS UNDER FED. R. CIV. P. 56(G) (Doc. No. 37)
>
> **FILED:** April 16, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

Plaintiffs are suing Defendant for breach of warrant under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301. Defendant moves to strike the affidavit of Plaintiff Grady Stewart, filed in opposition to Defendant's summary judgment motion, which opines that the recreational vehicle is worth nothing. Doc. No. 36.

The Magnuson-Moss Act "allows a 'consumer' to bring a suit where he claims to be 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this

[Act] or under a written warranty, implied warranty, or service contract.'" 15 U.S.C. § 2310(d)(1). There are two types of written warranties under the Act: full warranties and limited warranties. *See* 15 U.S.C. § 2303(a). Section 2304 of the Act imposes minimum federal warranty standards for "full warranties" and provides remedies for their breach, including either a full refund of the purchase price or a replacement of the product if the warrantor cannot remedy defects or malfunctions after reasonable attempts to do so. 15 U.S.C. § 2304.

Plaintiffs alleged diminution in value of the recreational vehicle as well as incidental and consequential damages incurred. Doc. No. 1 at 5. Diminution in value of the recreational vehicle is an opinion generally provided by an expert. *See, e.g.*, *Ames v. Winnebago Industries, Inc.,* 2005 WL 2614614, 2 (M.D. Fla. Oct. 14, 2005) (Hodges, J); *Smith v. Freightliner, LLC*, 239 F.R.D. 390, 392 (D. N.J. 2006); *Pizal v. Monaco Coach Corp.*, 374 F.Supp.2d 653 (N.D. Ind. 2005). However, the expert does not have to opine the exact amount of diminution in value in order to survive summary judgment. *Ames v. Winnebago Industries, Inc.,* 2005 WL 2614614, 2 (M.D. Fla. Oct. 14, 2005) (although expert did not quantify the loss in value of the vehicle caused by the various problems with the vehicle, he concluded that the recreational vehicle had suffered "substantial loss of value, use and safety based on the documents reviewed and conditions observed.").

Here, in considering Defendant's Motion for Summary Judgment, the District Court will give the appropriate weight to Plaintiff's non-expert affidavit – or discount it, as may be appropriate – within the context of the claims and defenses alleged in the Motion for Summary Judgment and the Opposition.

**DONE** and **ORDERED** in Orlando, Florida on May 7, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-3-

Copies furnished to:

Counsel of Record

Case 6:06-cv-01719-JA-DAB   Document 40   Filed 05/07/08   Page 3 of 3 PageID 374